UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| TRAVIS GOLDEN, | : | Case No. 2:23-cv-07 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| THE OHIO DEPARTMENT OF REHAB. AND CORR., *et al*., | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a prisoner currently housed at the Ross Correctional Institution, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants—the Ohio Department of Rehabilitation and Correction (ODRC) and "Defendant Doe # 2," whom plaintiff identifies as the Warden of the Madison Correctional Institution (MaCI) during the period "11/20/2020 through 3/2/2021"—deprived him of more than three months of outside-the-cell exercise in violation of the Eighth Amendment while he was housed at MaCI. (Doc. 1).[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**Screening of Complaint**

**A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

[1]Plaintiff indicates that he is suing the former MaCI Warden, whom the Court refers to herein as "Warden Doe # 2," in his individual and official capacities.

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal

2

standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.    The Complaint**

Plaintiff alleges that "for well over three months"—or from "November 20th, 2020, until on or about January 21st, 2021, and then well passed March 2nd, 2021"—he was denied the opportunity to exercise outside of his cell while at MaCI, in violation of the Eighth Amendment. (Doc. 1, at PageID 6-7). According to plaintiff, defendant Warden Doe # 2's designee told plaintiff that defendant ODRC had not yet authorized MaCI to lift COVID restrictions on the use of its gym facilities and that it was too cold for inmates to be outside. (Doc. 1, at PageID 9). Plaintiff alleges, however, that during this same time period other parts of the prison were not subject to COVID restrictions and that defendants "abused their authority, by fraudulently citing

3

COVID-19 restrictions" to deny exercise in the gym. (*See* Doc. 1, at PageID 9-10). Further, plaintiff alleges that, as a result of the denial of exercise outside of his cell during this time period, he gained weight and woke up on February 7, 2021, "gasping for air," which he attributes to his lack of exercise. (Doc. 1, at PageID 7-8). Plaintiff also alleges that he suffered from "anxiety; mental anguish; depression; and . . . P.T.S.D." as a result of the denial of exercise. (Doc. 1, at PageID 6). For relief, plaintiff seeks monetary damages. (Doc. 1, at PageID 13-14).

**C.     Analysis**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed for further development at this juncture with his Eighth Amendment claim against Warden Doe # 2 in his individual capacity. *See, e.g., Shabazz v. Schofield*, No. 3:13-CV-00091, 2013 WL 704408, at *11 (M.D. Tenn. Feb. 26, 2013).[2] However, plaintiff's remaining claims against the ODRC and Warden Doe # 2 in his official capacity are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, plaintiff has failed to state a claim against the ODRC under 42 U.S.C. § 1983.[3] To state a claim under § 1983, a plaintiff must show that the alleged violation was committed by a person acting under color of state law. *See Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001); *Simescu v. Emmet Cty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). The ODRC is not a "person" within the meaning of § 1983. *See Parker v. Michigan Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003). Further, the ODRC, a state agency, is immune from

---

[2]Notably, while the Court has determined that plaintiff's Eighth Amendment claim for denial of outside-his-cell exercise may proceed at this juncture against Warden Doe # 2 in his individual capacity, "[t]he court cautions Plaintiff this is only a preliminary determination. The court has not made a determination on the merits of his claim[] or potential defenses thereto, nor [is] Defendant[] precluded from filing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

[3]To the extent that plaintiff names the ODRC "et al." as the first defendant in this case, the Court understands this defendant to be the ODRC. Plaintiff has not included allegations against any individual ODRC official in his complaint.

4

§ 1983 liability under the Eleventh Amendment. *See Welch v. Texas Dep't of Highway and Pub. Transp.*, 483 U.S. 468, 472-73 (1987); *Graham v. NCAA*, 804 F.2d 953, 960 (6th Cir. 1986). Therefore, plaintiff's § 1983 claims should be dismissed as to the ODRC.

Second, although the Court is permitting plaintiff to proceed at this juncture with his Eighth Amendment claim against Warden Doe # 2 in his individual capacity, any claims against Warden Doe # 2 in his official capacity must be dismissed. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449 (6th Cir. 1982). An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, the Court should dismiss any official-capacity claims against Warden Doe # 2 for failure to state a claim upon which relief may be granted because he is immune from claims for monetary damages, the sole relief plaintiff seeks, in his official capacity.

Finally, plaintiff mentions Fourteenth Amendment "equal protection of the law" in his complaint. (Doc. 1, at PageID 10). However, it does not appear that plaintiff intends to state a claim for violation of the Equal Protection Clause in his complaint. Rather, the Court understands plaintiff to refer to the Fourteenth Amendment in the context of indicating the amendment through which the Eighth Amendment applies to the states. (*See* Doc. 1, at PageID 1) (seeking relief "under the 8th Amendment . . . made enforceable by . . . the 14th Amendment"). *See also Rhinehart v. Scutt*, 894 F.3d 721, 736 (6th Cir. 2018) (noting "that the

Eighth Amendment . . . applies to the states through the Fourteenth Amendment.") (citing *Robinson v. California*, 370 U.S. 660, 667 (1962)).

However, to the extent plaintiff does intend to state such a claim, he has not done so. "To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 298 (6th Cir. 2006), *overruled on other grounds as recognized by Davis v. Prison Health Servs.*, 679 F.3d 433, 442 n.3 (6th Cir. 2012). Plaintiff has not alleged facts that would allow the Court to plausibly infer that any other similarly situated inmates at MaCI received disparate treatment with regard to exercise, or alleged any other facts to support such a claim.

Accordingly, in sum, plaintiff's Eighth Amendment claim may proceed at this juncture for further development against Warden Doe # 2 in his individual capacity. However, plaintiff's remaining claims against the ODRC and Warden Doe # 2 in his official capacity should be **DISMISSED**.

If the above recommendation is adopted, only Warden Doe #2, in his individual capacity, will remain as a defendant in this action. Under these circumstances, dismissal of Warden Doe #2, a John Doe defendant, is not proper, but rather plaintiff should be given the opportunity to do limited discovery in order to identify the name of the John Doe defendant. As this Court has explained:

> Although designation of a "John Doe" or "unknown" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery. *Yates v. Young,* 772 F.2d 909 (6th Cir.1985) (unpublished), 1985 WL 13614, citing *Schiff v. Kennedy,* 691 F.2d 196 (4th Cir.1982); *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir.1980); *Maclin v. Paulson,* 627 F.2d 83 (7th

6

>Cir.1980). *In accord Downie v. City of Middleburg Hts.,* 76 F.Supp.2d 794, 801 n. 5 (N.D. Ohio 1999). The Federal Rules of Civil Procedure do not require the Court to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie,* 629 F.2d at 642; *see also Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir.1999).

*Robinson v. Doe*, No. C-1-07-729, 2009 WL 650383, at *2 (S.D. Ohio Mar. 10, 2009). Under the circumstances of this case, it is appropriate to permit service of the complaint on a high-ranking official who could identify Warden Doe #2 through discovery. *See Mosby v. Doe,* No. 08-cv-677, 2009 WL 192502, at *1 (W.D. Wis. Jan. 27, 2009). As the current MaCI Warden is in a position to know or determine the name of defendant Warden Doe #2, it is appropriate to serve the current MaCI Warden for this limited purpose only. Once plaintiff discovers the name of defendant Warden Doe #2, he will be required to amend his complaint to identify him and the current MaCI Warden will be dismissed. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for current MaCI Warden, Jenny Hildebrand, for this limited purpose. **Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution.**

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) for failure to state a claim upon which relief can be granted**, with the exception of** plaintiff's Eighth Amendment claim against Warden Doe # 2 in an individual capacity.

7

**IT IS THEREFORE ORDERED THAT:**

1. Within **thirty (30) days** of receipt of this Order, plaintiff **SHALL** submit completed summons and U.S. Marshal forms for the current MaCI Warden, Jenny Hildebrand .

2. The Clerk of Court is **DIRECTED** to send to plaintiff a summons form and a U.S. Marshal form for this purpose.  Upon receipt of the completed summons and U.S. Marshal forms, the Court **ORDERS** service of process by the United States Marshal in this case as directed by plaintiff.  Plaintiff shall be granted leave to proceed against Warden Hildebrand solely for the purpose of determining the identity of Warden Doe #2.  The **CLERK OF COURT** is **DIRECTED** to add MaCI Warden Jenny Hildebrand as an interested party to the case.

3. Plaintiff **SHALL** file a motion to issue service, including updated U.S. Marshal and summons forms, if and when plaintiff discovers the identity of Warden Doe #2 through discovery.  Plaintiff is advised that no service will be issued on Warden Doe #2 unless plaintiff complies with this Order.

4. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or counsel.  Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

5. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO RECOMMENDED.**


June 9, 2023                                                *s/Peter B. Silvain, Jr.*
                                                                            PETER B. SILVAIN, JR.
                                                                            United States Magistrate Judge