UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TRAVIS GOLDEN, | : Case No. 2:23-cv-7 |
| Plaintiff, | : |
| vs. | : District Judge Michael H. Watson |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| THE OHIO DEPARTMENT OF REHAB. AND CORR., *et al.*, | : |
| Defendants. | : |

**ORDER**

Plaintiff Travis Golden, a prisoner currently housed at the Ross Correctional Institution (RCI), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case is before the Court upon Plaintiff's Motion for Leave to File a Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 60(B)(3) (Doc. #31); Plaintiff's Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 60(B)(3) (Doc. #33); Plaintiff's Motion for Discovery Pursuant to Fed. R. Civ. P. 34 and 26(B) (Doc. #34); Plaintiff's Motion for an Appointment of a Special Prosecutor (Doc. #35); Defendant/Interested Party's Omnibus Response in Opposition (Doc. #37); and Plaintiff's Reply (Doc. #38).

**I.    BACKGROUND**

In his Complaint, Plaintiff alleges that he was denied the opportunity to exercise outside of his cell while at Madison Correctional Institution (MaCI), in violation of the Eighth Amendment. (Doc. #1, *PageID* #s 6-7). According to Plaintiff, Defendant Warden Doe #2's[1] designee told

---
[1] Plaintiff names "Defendant Doe #2" as a placeholder for the former Madison Correctional Institution Warden whose identity is currently unknown, whom the Court refers herein as "Warden Doe #2."

Plaintiff that the Ohio Department of Rehabilitation and Correction[2] (ODRC) had not yet authorized MaCI to lift COVID restrictions on the use of its gym facilities and that it was too cold for inmates to be outside. *Id.* at 9. Plaintiff alleges, however, that during this same time period other parts of the prison were not subject to COVID restrictions and that Defendants "abused their authority, by fraudulently citing COVID-19 restrictions" to deny exercise in the gym. *See id.* at 9-10.

Upon initial review of Plaintiff's Complaint, Plaintiff was permitted to proceed with his Eighth Amendment claim against Warden Doe #2. (Doc. #7, *PageID* #55). Plaintiff was given the opportunity to conduct limited discovery in order to identify the name of Warden Doe #2 and was ordered to submit a completed summons and U.S. Marshal form for current MaCI Warden, Jenny Hildebrand, for the limited purpose of determining the identity of Warden Doe #2. *Id.* at 56-58. Plaintiff was instructed to amend his complaint after discovery of Warden Doe #2's identity. *Id.* at 56.

On December 4, 2024, Plaintiff filed his Motion for Civil Contempt Sanctions. (Doc. #27). In all of the Motions that are currently before the Court, Plaintiff's allegations relate to Defendant/Interested Party's (hereinafter, Defendant) Response in Opposition to Plaintiff's Motion for Civil Contempt Sanctions. Plaintiff alleges that on January 22, 2025, he received a letter from Defendant's attorney, Assistant Attorney General B. Alexander Kennedy—dated January 14, 2025—indicating that Defendant's Response in Opposition to Plaintiff's Motion for Civil Contempt Sanctions, which had been filed with the Court, was enclosed. (Doc. #31, *PageID* #197); (Doc. #31-2, *PageID* #202). Upon review of the letter and Response, Plaintiff noted that

---

[2] Plaintiff also named ODRC as a defendant. (Doc. #1). Upon initial review, the undersigned recommended that claims against ODRC be dismissed (Doc. #7), and District Judge Watson adopted the Report and Recommendation. (Doc. #9).

2

although the letter was dated January 14, 2025, the Response was purportedly filed on December 18, 2024. (Doc. #31, *PageID* #297). Additionally, Plaintiff observed that while the Certificate of Service specified that a copy of the Response was served on Plaintiff at RCI (Doc. #28, *PageID* #189), he did not receive a copy until January 22, 2025. (Doc. #31, *PageID* #s 197-98). Plaintiff notes that he did not ever receive a notice of filing regarding the Response from the Clerk of the Court. *Id.* at 198. Plaintiff alleges that Defendant's counsel "unethically back-dated" the Response, and "it was more likely than not filed on or about January 14th 2025." *Id.* at 197.

In Plaintiff's Motion for Leave to File a Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 60(B)(3), Plaintiff asks to amend the Court's Calendar Order (Doc. #20) to extend the discovery and dispositive motion deadlines "as part of the means necessary to incorporate a collective effort to thwart an act of fraud upon this Court." (Doc. #31, *PageID* #197).

Plaintiff expands on his request in his Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 60(B)(3) (Doc. #33).[3] Plaintiff asks the Court to extend the discovery deadline to allow him to "pursue a forensic search, or imaging, of Defendant's counsel's computer to acquire evidence necessary to substantiate the Plaintiff's claim – that Defense counsel 'Back-dated' the Defendant's Motion in Opposition …" and to extend the dispositive motion deadline to "permit the Plaintiff to file a Motion seeking a Special Prosecutor …." (Doc. #33, *PageID* #211). Plaintiff also requests that the Court order "redress" for Defendant's counsel's alleged backdating. *Id.* at 216-19.

In Plaintiff's Motion for Discovery Pursuant Fed. R. Civ. P. 34 and 26(b), he asks the Court to issue an order compelling a computer expert to conduct a forensic search of Defendant's

---

[3] In this Motion, Plaintiff also repeats his allegations set forth in his Motion for Civil Contempt Sanctions (Doc. #27). (Doc. #33, *PageID* #s 212-14). However, as the Court will address Plaintiff's Motion for Civil Contempt Sanctions in a separate Order and/or Report and Recommendation, the Court will not repeat these allegations here.

3

counsel's computer and any computer used to electronically file Defendant's Response in Opposition (Doc. #28) or the January 14, 2025 letter to Plaintiff; the Clerk of Court's computer ("to ascertain the exact date that Doc. #28 was electronically filed"); and RCI's computer ("to verify any E-mail or other[] correspondence from the Attorney General's Office, to [R.C.I.], which provides a Control Number – giving R.C.I. a NOTICE that Doc. #28 was enroute to the institution"). (Doc. #24, *PageID* #223) (brackets in original).

Finally, in his Motion for Appointment of a Special Prosecutor, Plaintiff insists that a special prosecutor is needed "to facilitate Discovery as a 'Watch-Dog'…." (Doc. #35, *PageID* #233). According to Plaintiff, if his allegations that Defendant's counsel backdated the filing of the Response and "conspired with an accomplice at the Clerk of Court's Office to commit fraud upon the Court …[,]" are true, then a special prosecutor "will be necessary to spear-head the prosecution of Defense counsel before the Board of Professional Responsibility Committee, as well as, Disciplinary Counsel hearing(s)." *Id*.

In the Omnibus Response to Plaintiff's Motions, Defendant asks the Court to deny Plaintiff's Motions.[4] (Doc. #37). Defendant's counsel asserts that he does not personally mail copies of filings to parties; a member of the administrative support staff mails them. (Doc. #37, *PageID* #244). He explains that on or about January 14, 2025, a support staff employee was reviewing court filings submitted during the holidays and could not definitively confirm that the Response in Opposition was sent for service because they could not find the letter that typically accompanies service of the filing. *Id.* Thus, out of caution, the employee sent the letter to Plaintiff on January 14, 2025. *Id.* According to Defendant, "It defies logic that any attorney would

---

[4] In addition to the Motions currently before the Court, Defendant also addresses Plaintiff's Motion to Show Cause (Doc. #30) and Motion in Opposition to Defendant's Doc. 25 (Doc. #32). However, the Court will address those Motions in a separate Order and/or Report and Recommendation.

4

undertake a watergate-style operation in order to file an innocuous response to a groundless motion." *Id*. Defendant asks that to the extent there was a clerical oversight, "the appropriate remedy is to permit Plaintiff additional time to tender a reply." *Id*. In the alternative, Defendant indicates that the "harshest remedy would be to strike the filing due to untimely service on the other party." *Id.*

II.     DISCUSSION

Although Plaintiff believes that Defendant's counsel backdated the filing of Defendant's Response in Opposition (Doc. #28), there is no evidence to support Plaintiff's claim. Indeed, the "Notice of Electronic Filing" (also known as the receipt) in CM/ECF confirms that Defendant's counsel, Brandon Kennedy, filed Defendant's Response in Opposition (Doc. #28) on December 18, 2024, at 5:01 p.m. (Doc. #28, Notice of Electronic Filing).[5] To the extent that Plaintiff asserts that he did not receive a copy of the Notice of Filing from the Clerk of Court, the Clerk of Court is not required to send a notice of filing to Plaintiff for every document Defendant files in this case. However, as Plaintiff correctly notes, Defendant's counsel did indicate in his Certificate of Service that a copy of the Response was served upon Plaintiff via U.S. mail. (Doc. #28, *PageID* #189). According to Plaintiff, he did not receive a copy of the Response until January 22, 2025. Defendant's counsel does not affirmatively state whether a copy was mailed on December 18, 2024, to Plaintiff. Instead, he explains that on January 14, 2025, a support staff employee, "out of caution[,]" sent a copy of the Response to Plaintiff. (Doc. #37, *PageID* #244).

Defendant's counsel may not personally mail copies of filings to parties, but he is ultimately responsible for ensuring that filings are promptly mailed to parties when he certifies that a copy of said filing has been served upon the party. Here, it does not appear that a copy of

---

[5] For Plaintiff's reference, the Clerk of Court is **DIRECTED** to send a copy of the Notice of Electronic Filing regarding Defendant's Response in Opposition (Doc. #28) to Plaintiff with a copy of this Order.

5

Defendant's Response was served promptly upon Plaintiff.  The undersigned notes, however, that there is no indication that Plaintiff has not received service of any other documents filed in this case.  Nonetheless, because Plaintiff did not receive a copy of the Response until long after the reply deadline passed, Plaintiff did not have an opportunity to file a timely reply.  Accordingly, the undersigned will allow Plaintiff additional time to file a reply.  Plaintiff's reply to Defendant's Response in Opposition (Doc. #28) is due on or before **May 30, 2025**.

In both his Motion for Leave to File a Motion to Alter or Amend a Judgment and his Motion to Alter or Amend a Judgment, Plaintiff requests an extension of the discovery and dispositive motion deadlines pursuant to Fed. R. Civ. P. 60(b)(3).  (Doc. #s 31, 33).  Under Fed. R Civ. P. 60(b)(3), "On motion and just terms, the court may relieve a party or its legal representative from a *final judgment, order, or proceeding* for the following reasons: … fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party …."  Fed. R Civ. P. 60(b)(3) (emphasis added); *see Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 698 (2025) ("Rule 60(b) relief is unnecessary when a case is ongoing because during that time, a court retains jurisdiction to review and modify its decrees.").  Here, Fed. R. Civ. P. 60(b) is inapplicable because there is no final judgment, order, or proceeding.

Instead, Plaintiff's request to extend the discovery and dispositive motions deadlines is appropriately considered under Fed. R. Civ. P. 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."  The Sixth Circuit has explained that "a court choosing to modify a schedule upon a showing of good cause may do so only 'if it cannot reasonably be met despite the diligence of the parties seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice

by virtue of the amendment." *Id.* (citing *Inge v. Rock Fin. Corp.,* 281 F .3d 613, 625 (6th Cir. 2002)).

On April 1, 2024, the undersigned issued the Calendar Order in this case, setting the discovery deadline as October 1, 2024, and the dispositive motion deadline as November 1, 2024. (Doc. #20). Upon Defendant's Motion, the dispositive motion deadline was extended to November 8, 2024. (Doc. #24). In Plaintiff's Motions, he seeks to extend the deadlines based on alleged conduct by Defendant's counsel that occurred in December 2024 or January 2025—more than two months after the discovery deadline. To the extent that Plaintiff seeks to conduct discovery related to his Eighth Amendment claim, Plaintiff does not explain how Defendant's counsel's actions necessitate further discovery, as Defendant's counsel's alleged actions do not appear to be related to the merits of Plaintiff's Eighth Amendment claim. Nor does Plaintiff explain in his Motions why he was unable to meet the discovery and dispositive motion deadlines previously established by this Court. Indeed, according to Defendant, Plaintiff did not conduct any discovery in this case. (Doc. #28, *PageID* #188); *see Wayne v. Vill. of Sebring,* 36 F.3d 517, 530 (6th Cir. 1994) (holding that district court's denial of defendants' motions to conduct additional discovery after the cut-off date was not an abuse of discretion when they failed to proceed with discovery during the assigned discovery period). Based on the foregoing, the undersigned finds that Plaintiff has failed to show good cause for his requested extensions. Additionally, an extension of the discovery and dispositive motion deadlines would prejudice Defendant because Defendant has already filed a dispositive motion. Accordingly, Plaintiff's request to extend the discovery and dispositive motion deadlines is **DENIED**.

Plaintiff also moves for discovery pursuant to Federal Rules of Civil Procedure 26(B) and 34. However, as previously noted, the discovery deadline in this case has passed. *See Pittman v.*

7

*Experian Info. Sols., Inc.*, 901 F.3d 619, 643 (6th Cir. 2018) (affirming district court's denial of motion to compel filed four months after deadline to complete discovery). Accordingly, Plaintiff's Motion for Discovery (Doc. #34) is **DENIED**.

Finally, Plaintiff asks the Court to appoint a special prosecutor to investigate his allegations of fraud by Defendant's counsel. (Doc. #35). "This Court, however, does not have the authority to launch criminal investigations, file criminal charges, or to decide whether or not to prosecute." *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-CV-00749, 2012 WL 5472258, at *2 (S.D. Ohio Nov. 9, 2012) (Deavers, M.J.) (citing *Bordenkircher v. Kayes,* 434 U.S. 357, 364, 98 S.Ct. 663 (1978) ("In our system ... the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); *Linda R. v. Richard V.,* 410 U.S. 614, 619, 93 S.Ct. 1146 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Thus, Plaintiff's Motion (Doc. #35) is **DENIED**.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Leave to File a Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 60(B)(3) (Doc. #31) is **DENIED**;

2. Plaintiff's Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 60(B)(3) (Doc. #33) is **DENIED**;

3. Plaintiff's Motion for Discovery Pursuant to Fed. R. Civ. P. 34 and 26(B) (Doc. #34) is **DENIED**;

4. Plaintiff's Motion for an Appointment of a Special Prosecutor (Doc. #35) is **DENIED**;

5. Plaintiff's reply to Defendant's Response in Opposition (Doc. #28) is due on or before **May 30, 2025**; and

6.        The Clerk of Court is **DIRECTED** to send a copy of the Notice of Electronic Filing regarding Defendant's Response in Opposition (Doc. #28) to Plaintiff with a copy of this Order.

May 14, 2025                                                           *s/Peter B. Silvain, Jr.*
                                                                                          Peter B. Silvain, Jr.
                                                                                          United States Magistrate Judge