UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TRAVIS GOLDEN, | : | Case No. 2:23-cv-7 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| THE OHIO DEPARTMENT OF REHAB. & CORR., *et al.*, | : | |
| Defendants. | : | |

# ORDER and REPORT AND RECOMMENDATION[1]

Plaintiff Travis Golden, a prisoner currently housed at the Ross Correctional Institution, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case is before the Court upon Plaintiff's Motion for Civil Contempt Sanctions (Doc. #27) and Defendant Jenny Hildebrand's Response in Opposition (Doc. #28).[2]

**I.    Background**

In his Complaint, Plaintiff alleges that "for well over three months"—or from "November 20th, 2020, until on or about January 21st, 2021, and then well passed March 2nd, 2021"—he was denied the opportunity to exercise outside of his cell while at Madison Correctional Institution (MaCI), in violation of the Eighth Amendment. (Doc. #1, *PageID* #s 6-7). According to Plaintiff, Defendant Warden Doe #2's[3] designee told Plaintiff that the Ohio Department of Rehabilitation

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] On May 15, 2025, the undersigned extended the deadline for Plaintiff to file a reply in support of his Motion to May 30, 2025. (Doc. #39). Despite this extension, Plaintiff did not file a reply in support of his Motion.

[3] Plaintiff names "Defendant Doe #2" as a placeholder for the former Madison Correctional Institution Warden whose identity is currently unknown, whom the Court refers herein as "Warden Doe #2," in his individual and official capacities.

and Correction[4] (ODRC) had not yet authorized MaCI to lift COVID restrictions on the use of its gym facilities and that it was too cold for inmates to be outside. *Id.* at 9. Plaintiff alleges, however, that during this same time period, other parts of the prison were not subject to COVID restrictions and that Defendants "abused their authority, by fraudulently citing COVID-19 restrictions" to deny exercise in the gym. *See id.* at 9-10. Further, Plaintiff alleges that, as a result of the denial of exercise outside of his cell during this time period, he gained weight and woke up on February 7, 2021, "gasping for air," which he attributes to his lack of exercise. *Id.* at 7-8. Plaintiff also alleges that he suffered from "anxiety; mental anguish; depression; and … P.T.S.D." as a result of the denial of exercise. *Id.* at 6. For relief, Plaintiff seeks monetary damages. *Id.* at 13-14.

Upon initial review of Plaintiff's Complaint, the undersigned issued an Order and Report and Recommendation (Doc. #7), which was adopted by United States District Judge Michael H. Watson (Doc. #9). As relevant here, Plaintiff was permitted to proceed with his Eighth Amendment claim against Warden Doe #2. (Doc. #7, *PageID* #55). Plaintiff was given the opportunity to conduct limited discovery in order to identify the name of Warden Doe #2 and was ordered to submit a completed summons and U.S. Marshal form for current MaCI Warden, Jenny Hildebrand, for the limited purpose of determining the identity of Warden Doe #2. (Doc. #7, *PageID* #s 56-58). Plaintiff was required to amend his complaint after discovery of Warden Doe #2's identity, and Defendant Hildebrand would be dismissed. (Doc. #7, *PageID* #56).

Plaintiff submitted the summons and the U.S. Marshal form for service on Defendant Hildebrand. (Doc. #14). Defendant Hildebrand returned the summons (Doc. #16) and filed her Answer (Doc. #19).

---

[4] Although Plaintiff named ODRC as a defendant, (Doc. #1), upon initial review, the undersigned recommended that claims against ODRC be dismissed (Doc. #7), and District Judge Watson adopted the Report and Recommendation. (Doc. #9).

2

In the Motion presently before the Court, Plaintiff seeks a $5,000 civil contempt sanction pursuant to 18 U.S.C. § 401(3), or, alternatively, discovery sanctions under Federal Rule of Civil Procedure 37(b)(2). (Doc. #27). According to Plaintiff, Defendant Hildebrand failed to comply with the Court's discovery order by not disclosing the name of Warden Doe #2 in the Answer. *Id.* at 178.

## II. Standard of Review

Magistrate judges are authorized to make recommendations on dispositive pretrial motions. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169 (6th Cir. 1993). Under 28 U.S.C. § 636(b)(1)(B) and (C), district judges may refer these motions to magistrate judges for "proposed findings of fact and recommendations for the disposition …."

Under 18 U.S.C. § 401(3), a federal court has the power to punish by contempt "disobedience or resistance to [the court's] lawful ... order …." However, except "in any case in which a United States magistrate judge presides with the consent of the parties …, or in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18," the magistrate judge "shall forthwith certify the facts to a district judge" and may not enter an order of civil contempt. 28 U.S.C. § 636(e)(6); *Bennett*, 976 F.2d at 998 n.7 (noting that "Congress specifically withheld from magistrate judges jurisdiction over contempt proceedings.").

Accordingly, because Plaintiff seeks a civil contempt sanction, the undersigned Magistrate Judge lacks the authority to issue an order granting such relief. Instead, the undersigned may only certify the relevant facts to the district court and issue a recommendation for further proceedings.

In contrast, 28 U.S.C. § 636(b)(1)(A) provides magistrate judges with limited jurisdiction to enter orders upon a reference by the district court. *Bennett*, 976 F.2d at 997. This authority is

3

specifically limited to non-dispositive pre-trial motions, as outlined in 28 U.S.C. § 636(b)(1)(A). *Vitols*, 984 F.2d at 169.

Courts in the Sixth Circuit have recognized that sanctions awarding attorneys' fees or costs under Federal Rule of Civil Procedure 37 are non-dispositive matters. *Starcher v. Correctional Med. Sys., Inc.*, 144 F.3d 418, 421-25 (6th Cir. 1998) (resolving a different issue on appeal—whether the appellate court had jurisdiction—but noting that the magistrate judge had *ordered* payment of attorneys' fees and costs as a discovery sanction, and the appellate court had no issue with the magistrate's authority to do so); *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) (stating that discovery sanctions imposed by a magistrate judge are reviewed under the "clearly erroneous or contrary to law" standard, and citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458 (10th Cir. 1988) for the proposition that imposing attorneys' fees as discovery sanctions is a non-dispositive pretrial matter).

Because Plaintiff seeks only costs as a discovery sanction under Federal Rule of Civil Procedure 37, rather than a dispositive remedy such as default judgment, the requested sanction is non-dispositive. As such, the undersigned Magistrate Judge has the authority to issue an order awarding or denying costs pursuant to Federal Rule of Civil Procedure 37.

### III.     Discussion

#### A.     Civil Contempt Sanctions Pursuant to 18 U.S.C. § 401(3)

Plaintiff contends that this Court should find Defendant in civil contempt and seeks a $5,000 compensatory civil contempt sanction. (Doc. #27). Defendant opposes Plaintiff's Motion for Civil Contempt Sanctions, arguing that Defendant was under no court order to disclose the name of Warden Doe #2. (Doc. #28).

Under 18 U.S.C. § 401(3), a court may impose civil contempt sanctions for "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." However, to establish civil contempt, a movant must show by clear and convincing evidence that the opposing party "violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991) citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987). Courts have consistently declined to impose contempt sanctions where no court order explicitly requires the disputed conduct. *See Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 798 (6th Cir. 2017) (holding that a party cannot be found in contempt unless the court order at issue is "definite and specific"); *NLRB v. Deena Artware, Inc.*, 261 F.2d 503, 510 (6th Cir. 1958) (holding that an order under which the amount owed was contingent on a future event was not "sufficiently definite and mandatory to serve as the basis for contempt proceedings").

Here, Plaintiff fails to demonstrate that Defendant violated a definite and specific court order. The Court's prior Order granted Plaintiff limited discovery to ascertain the identity of Warden Doe #2 and directed Plaintiff to submit a completed summons and U.S. Marshal form for Defendant Hildebrand. (Doc. #7, *PageID* #s 56-58). However, this Order did not explicitly require Defendant to disclose the identity of Warden Doe #2, nor did it shift the burden of discovery onto Defendant. Rather, Plaintiff retained the responsibility to utilize discovery tools, such as interrogatories or depositions, to obtain this information. *See United States v. Conces*, 507 F.3d 1028, 1042, 1044 (6th Cir. 2007) (affirming civil contempt sanctions imposed after magistrate judge ordered defendant to answer plaintiff's interrogatory requests with a warning that a failure to do so would permit the court to impose sanctions).

5

Additionally, the issuance of a summons for Warden Hildebrand did not obligate Defendant to provide the name of Warden Doe #2. A summons merely provides notice of a lawsuit and does not impose any affirmative duty on a defendant beyond responding to the complaint. Fed. R. Civ. P. 12(a)(i) ("A defendant must serve an answer … within 21 days after being served with the summons and complaint …").

Accordingly, because Defendant was not under a definite and specific court order requiring disclosure of Warden Doe #2's identity, civil contempt sanctions are not appropriate. As a result, this Court recommends denying Plaintiff's request for civil contempt sanctions pursuant to 18 U.S.C. § 401(3).

**B.  Discovery Sanctions Under Federal Rule of Civil Procedure 37(b)(2)**

Plaintiff contends that Defendant failed to obey a discovery order and requests that this Court impose discovery sanctions. (Doc. #27). Defendant opposes Plaintiff's Motion for Civil Contempt Sanctions, asserting that Defendant was under no discovery order to disclose the name of Warden Doe #2. (Doc. #28).

Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders … [including] dismissing the action or proceeding in whole or in part." "Except where Rule 37(c) applies, Rule 37(b) usually has 'no application' where there is no court order." *Roden v. Floyd*, No. 16-11208, 2020 U.S. Dist. LEXIS 67615, at *5 (S.D. Mich. Apr. 17, 2020) (citing *United States v. Reyes*, 307 F.3d 451, 457 (6th Cir. 2002)).

As discussed above, Plaintiff has not identified a definite and specific court order requiring Defendant to disclose the identity of Warden Doe #2. The Court's prior Order permitted Plaintiff to conduct limited discovery but did not impose an affirmative obligation on Defendant to provide

6

this information.  (Doc. #7, *PageID* #s 56-58).  Because no court order required Defendant to disclose the name of Warden Doe #2, Plaintiff cannot establish grounds for sanctions under Rule 37(b).  Accordingly, this Court denies Plaintiff's request for discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

**IV.     Conclusion**

For the reasons discussed, the undersigned recommends denying Plaintiff's request for civil contempt pursuant to 18 U.S.C. § 401(3) and denies Plaintiff's request for discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's request for civil contempt pursuant to 18 U.S.C. § 401(3) (Doc. #27) be **DENIED.**

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's request for discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) (Doc. #27) is **DENIED**.

July 14, 2025                                                                                  *s/Peter B. Silvain, Jr.*
                                                                                                     Peter B. Silvain, Jr.
                                                                                                     United States Magistrate Judge

7

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).